UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case Number:

PATRICK S. SMITH,

    Plaintiff,

vs.

DCRX HOLDINGS CORP. and
DIABETIC CARE RX, LLC,

    Defendants.
_____/

**Complaint for Damages and Injunctive Relief — Jury Trial Demanded**

**Count I — Age Discrimination Under the ADEA**

Plaintiff, Patrick S. Smith, sues defendants, DCRX Holdings Corp. and Diabetic Care Rx, LLC, and as grounds shows:

**Introduction**

1. This is an age- and disability-discrimination action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 et. seq., as amended by the Americans with Disabilities Amendments Act of 2008.  Patrick S. Smith, a 68-year-old cancer victim, sues DCRX Holdings Corp. and Diabetic Care Rx, LLC ("DCRX).  DCRX fired him,

notwithstanding that the company was operating at a substantial profit, fewer than five months after learning that he had been diagnosed with cancer; it replaced him with a CEO 12 to 13 years his junior.  Mr. Smith seeks all legal and equitable relief available under the ADEA and ADA, as well as his costs, including reasonable attorneys' fees.

## Jurisdiction, Parties, Venue

2. This court has jurisdiction pursuant 28 U.S.C. §§ 1331 (federal question).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose here and the defendants are subject to personal jurisdiction here.

4. At all material times, plaintiff Patrick S. Smith was protected by:

   a. the ADEA because he is over forty years of age and was an "employee" as contemplated by the ADEA, and

   b. the ADA because:

   i. he was a "qualified individual," as envisioned by 42 U.S.C. §§ 12111(8) and 12112(b)(4), or

   ii. he was perceived as having an impairment, as envisioned by 42 U.S.C. §§ 12102(1)(C) and (3)(A).

5. At all times material, defendants:

      a.    DCRX Holdings Corp. was a Delaware corporation with its principal place of business, i.e., its production facilities and corporate "never center," in Pompano Beach, Florida;

      b.    Diabetic Care Rx, LLC, is a Florida liability company, the managing member of which, DCRX Acquisition Corp., is headquartered in Los Angeles, California.,

      c.    The corporate entities (jointly, "DCRX") are an "employer" as envisioned by the ADEA and the ADA.

### Satisfaction of Conditions Precedent

6.    Mr. Smith, on or about November 19, 2020, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") pursuant to the ADEA and the ADA.

7.    The EEOC, at Mr. Smith's request and based on the EEOC's having determined that it would not be unlikely able to complete the administrative processing of the charge within 180 days, issued Mr. Smith a Notice of Right to Sue *(Issued on Request)*.

### General Allegations

8.    DCRX hired Mr. Smith in 2014 when it had sales of approximately $4 million and was operating at a $3 million loss.

9.    During the ensuing six years, Mr. Smith grew DCRX to the point that its annual sales were $26-30 million, yielding substantial profits.

10. Sales performance continued to be positive in 2020, even through COVID-19 restricted in-person access to customers.

11. DCRX informed Mr. Smith without warning Friday, October 9 that the owners, venture capitalists, "just wanted to make a change," and that his replacement, Philip Keogh, who is substantially younger, i.e., 12 and 13 years, would start Monday, October 12.

12. DCRX's actions, more particularly alleged above, constituted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and were done willfully with knowing and or reckless disregard of the ADEA's proscriptions.

13. As a direct, natural, proximate and foreseeable result of DCRX's actions, Mr. Smith has lost wages and benefits in the past and will suffer additional losses in the future.

14. DCRX's treatment of Mr. Smith constituted a wilful violation of the ADEA, entitling Mr. Smith to recover liquidated damages.

15. Mr. Smith is entitled to be awarded reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, Mr. Smith, prays that this Court will:

a. issue a judgment that Mr. Smith's termination by DCRX was a violation of Mr. Smith's rights against age discrimination under the ADEA;

b. enjoin DCRX from continuing to violate the Mr. Smith's federally protected rights and to make Mr. Smith whole through back pay and

reinstatement or, if that is not feasible as a make-whole remedy, an award of front pay;

    c.    grant Mr. Smith judgment against DCRX for back and liquidated damages for the violations of the ADEA;

    d.    grant Mr. Smith his reasonable attorneys' fees and litigation expenses against DCRX; and

    e.    provide any other relief that is appropriate.

### Count II — Disability Discrimination Under the ADA

16.    Mr. Smith realleges and incorporates in Count II the matters set forth in ¶¶ 1-3, 4(b) and 5-11.

17.    Mr. Smith revealed to the board of directors in May 2020 that he had been diagnosed in November 2019 with Mantle Cell Lymphoma, a rare form of non-Hodgkin lymphoma.

18.    DCRX's actions as more particularly alleged above, constituted disability discrimination in violation of 42 U.S.C. § 12112(a) and (b)(1).

19.    As the direct, proximate and foreseeable result of DCRX's actions, Mr. Smith has lost wages and benefits in the past and will suffer additional losses in the future and has suffered mental anguish, loss of dignity, a diminution of his reputation and other intangible injuries for which he is entitled to compensatory damages.

20. The actions of DCRX and its managing agents constituted a wilful and wanton violation of Mr. Smith's statutory rights against disability discrimination.

21. Mr. Smith is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12133.

WHEREFORE, plaintiff, Mr. Smith, prays that this Court will:

a. issue a judgment that Mr. Smith's termination by DCRX was a violation of Mr. Smith's rights against age discrimination under the ADEA;

b. enjoin DCRX from continuing to violate the Mr. Smith's federally protected rights and to make Mr. Smith whole through back pay and reinstatement or, if that is not feasible as a make-whole remedy, an award of front pay;

c. grant Mr. Smith judgment against DCRX for back pay, compensatory damages and punitive damages;

d. grant Mr. Smith his reasonable attorneys' fees and litigation expenses against DCRX, and

e. provide any other relief that is appropriate.

## Demand for Jury Trial

Mr. Smith demands trial by jury on all issues so triable.

Respectfully submitted,

_____
WILLIAM R. AMLONG
Florida Bar No.: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No.: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

***Attorneys for the Plaintiff,
Patrick S. Smith***

\\amlong3\cpshare\CPWin\HISTORY\201006_0001\181C.14